### Commonwealth v. Vazquez

*Morrison B. Williams,* Assistant District Attorney, for Commonwealth.

*Allen H. Smith,* for defendant.

SHADLE, P. J., April 30, 1974.—Defendant was convicted in a trial before the court without a jury of failing to stop and reveal his identity at the scene of an accident. The Commonwealth's testimony was that an accident occurred at night between two passing vehicles. The one driven by the prosecution witness, who was a woman, stopped at the scene and the driver remained there for several hours until the police investigated the accident. This driver observed the car which had struck her vehicle stopped about four-tenths of a mile down the road and remained there for some time and then disappear. The offending vehicle was registered in the name of defendant, and he later admitted to a police officer that he had been driving at the time of the accident.

In support of his motions for a new trial and in arrest of judgment, defendant advanced in his argument before the court en banc, on whose behalf this opinion and order are filed, a single contention. This was the remarkable proposition that since both vehicles had been damaged in the accident, and neither driver made any attempt to contact the other driver or to identify himself or herself, " . . . then the defendant's responsibility should be no greater than . . . [the other driver's]." He frankly admits this argument to mean that if the other driver did not reveal her identity to him, he was not required to reveal his identity to her.

Section 1027 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1027, requires the operator of any motor vehicle involved in an accident resulting in damage to "immediately stop such vehicle at the scene of such accident," and to "give his name, address, and

the registration number of his vehicle, and exhibit his operator's license to . . . the operator . . . of any vehicle involved." These duties are plain, clear and mandatory. Defendant would have us add to the statute the qualifying phrase, "provided the operator of the other vehicle does the same thing." Such a construction would produce the ludicrous result of the operators of two colliding vehicles sitting and staring at each other after an accident and waiting for the other first to reveal his identity.

It is true that the duty to stop and reveal identity at the scene of an accident is imposed equally upon both involved operators. However, it is clearly unreasonable to argue that if one operator violates the statute, this thereupon justifies the other operator in also violating it. One operator could not be convicted if the other immediately fled the scene and thus made it impossible for the first driver to reveal his identity to the other. However, this is not the case here. Conceding for argument that defendant here did stop his car "at the scene" about which there is some doubt, it is unquestioned that he thereafter left the scene without revealing his identity to the other driver when he could and should have done so. Having thus violated the statute, he was properly convicted. That the other driver might also have violated the statute, as to which there is no evidence, is totally irrelevant.

## ORDER

And now, to wit, April 30, 1974, defendant's motions for a new trial and in arrest of judgment are overruled and refused, and an exception is noted on his behalf.

Defendant shall appear for sentence with his counsel on Friday, May 10, 1974, at 10 a.m., in Courtroom No. 1.